1545

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID FRANC0, Plaintiff,

v.

UPMC, a Pennsylvania nonprofit corporation, doing business as UPMC Mercy, Defendant.

Civil Action No. _____ 2:26 cv 517

RECEIVED

MAR 3 1 2026

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

JURY TRIAL DEMAND, COMPLAINT:

Plaintiff DAVID FRANC0, proceeding pro se, brings this civil action and alleges as follows:

I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.

2. This Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same operative facts.

3. Venue is proper under 28 U.S.C. §1391(b)(2) because the events giving rise to these claims occurred in Allegheny County, Pennsylvania, within the Western District of Pennsylvania.

II. PARTIES

4. Plaintiff DAVID FRANC0 is an adult resident of Fayette County, Pennsylvania.

5. Defendant UPMC is a Pennsylvania nonprofit corporation doing business as UPMC Mercy, a hospital facility located at 1400 Locust Street, Pittsburgh, Pennsylvania 15219.

6. Defendant operates an emergency department that participates in Medicare and Medicaid programs and is subject to EMTALA obligations.

7. At all relevant times, Defendant acted through its employees, agents, nurses, physician assistants, and physicians acting within the scope of their employment.

III. NATURE OF THE ACTION

8. This action arises from Defendant's failure to provide an appropriate medical screening examination and failure to stabilize Plaintiff's emergency medical condition, along with related negligent and grossly negligent institutional conduct.

9. On or about April 11, 2024, Plaintiff presented to Defendant's emergency department after suffering a severe chemical exposure involving Gentian Violet, an antiseptic known to strongly stain tissue and dry skin.

10. The chemical exposure affected Plaintiff's entire genital region and upper legs, causing severe burning pain, chemical irritation, extreme dryness, cracking of tissue, and functional impairment.

11. Gentian Violet is a highly pigmented antiseptic dye that stains the skin and obscures underlying tissue condition.

12. Plaintiff arrived by ambulance, transferred from another hospital, seeking emergency medical evaluation and treatment.

13. Plaintiff presented with symptoms consistent with an emergency medical condition under EMTALA, including severe pain, chemical exposure, and impaired bodily function.

IV. FACTUAL ALLEGATIONS

14. Defendant failed to provide an appropriate medical screening examination as required by EMTALA.

2

15. Defendant performed diagnostic imaging, including a CT scan; however, such imaging cannot detect chemical burns, surface tissue injury, or skin damage.

16. Defendant did not remove the Gentian Violet from Plaintiff's body prior to attempting evaluation of the affected areas.

17. The presence of the dye physically obscured the condition of the underlying damaged skin, preventing meaningful visual assessment of burns or tissue damage.

18. Without removal of the chemical obstruction, no accurate determination of the existence, extent, or severity of injury could be made.

19. A proper screening examination for chemical exposure requires removal or decontamination of the chemical prior to evaluation. Defendant failed to perform this crucial step.

20. Hospitals routinely remove contaminants in chemical exposure cases. Defendant's failure to do so deviates from its standard emergency department protocol and the care routinely provided to similarly situated patients, demonstrating a pattern or practice of failing to decontaminate chemical exposure patients.

21. Defendant failed to provide drinking water or hydration for an extended period despite Plaintiff being present for hours and chemical exposure dehydrating the skin.

22. This failure was medically significant because Gentian Violet dries and dehydrates skin tissue, worsening cracking, irritation, and injury, making hydration medically relevant supportive care.

23. Defendant provided only minimal pain management despite Plaintiff's ongoing severe and worsening pain.

24. Plaintiff requested additional treatment, including removal of the chemical under medical supervision or sedation and adequate pain control, but these requests were refused.

25. Defendant forcibly discharged Plaintiff without removing the chemical, without adequately evaluating the underlying tissue condition, and without stabilizing Plaintiff's emergency medical condition.

26. Plaintiff remained in severe pain, with ongoing chemical exposure and untreated tissue injury at the time of discharge.

27. When Plaintiff, due to severe pain, was slow to dress and leave, hospital staff called security to force Plaintiff to exit the facility faster.

28. Plaintiff was effectively compelled to leave under threat while still in severe pain and prior to

3

stabilization of his condition.

29. This forced removal interfered with Plaintiff's ability to receive stabilizing treatment and created more pain, and exacerbated injuries, and constitutes a forced ejection while injured.

30. Plaintiff was left alone approximately 50 miles from home without transportation assistance, and was required to travel and walk while in severe pain and untreated condition.

31. As a direct result of Defendant's conduct, Plaintiff was compelled to perform prolonged and painful self-treatment over approximately three weeks in order to remove the chemical and manage injuries.

32. Defendant's conduct resulted in ongoing physical injury, pain, emotional distress, and functional impairment.

33. Defendant should have reasonably foreseen that failure to remove the chemical, provide hydration, adequate pain management, and safe discharge would result in physical injury, pain, emotional distress, and functional impairment.

V. CLAIMS FOR RELIEF

Count I – EMTALA Violation (42 U.S.C. §1395dd)

34. Plaintiff incorporates all preceding paragraphs.

35. Defendant had a statutory duty to provide an appropriate medical screening examination.

36. Defendant had a statutory duty to stabilize Plaintiff's emergency medical condition prior to discharge.

37. Defendant failed to provide an appropriate screening examination by failing to remove a chemical obstruction that prevented meaningful evaluation of Plaintiff's skin injuries.

38. Defendant failed to provide screening comparable to that provided to similarly situated patients presenting with chemical exposure.

39. Defendant discharged Plaintiff without stabilizing his emergency medical condition.

40. Defendant's conduct, including forced removal through security, interfered with Plaintiff's ability to receive stabilizing treatment.

41. These actions constitute violations of EMTALA.

4

42. Plaintiff suffered physical injury, prolonged pain, and emotional distress as a direct result.

Count II – Negligence / Institutional Negligence

43. Plaintiff incorporates all preceding paragraphs.

44. Defendant owed Plaintiff a duty to provide reasonable care in the operation of its emergency department.

45. Defendant breached that duty by failing to properly evaluate Plaintiff, failing to remove the chemical prior to examination, failing to provide adequate pain management, failing to provide hydration, and failing to ensure a safe and medically appropriate discharge.

46. Defendant's conduct caused prolonged injury, pain, and emotional harm.

Count III – Gross Negligence / Reckless Indifference

47. Plaintiff incorporates all preceding paragraphs.

48. Defendant's conduct demonstrated reckless disregard for Plaintiff's health and safety, including failure to evaluate visible injury, refusal of necessary care, and forcing Plaintiff to leave while in severe pain.

49. Such conduct warrants punitive damages.

Count IV – Negligent Infliction of Emotional Distress (Pennsylvania Law)

50. Plaintiff incorporates all preceding paragraphs.

51. Defendant owed Plaintiff a duty to avoid causing foreseeable emotional harm in the course of providing medical care.

52. Defendant breached that duty through failure to provide adequate treatment, failure to stabilize, and forced removal while Plaintiff was in severe pain and vulnerable condition.

5

53. As a direct and foreseeable result, Plaintiff suffered severe emotional distress, including anxiety, and loss of enjoyment of life.

54. Plaintiff's prolonged and painful self-treatment was a foreseeable consequence of Defendant's failure to provide care.

Count V – Sex Discrimination in Federally Funded Healthcare (Section 1557 of the Affordable Care Act, 42 U.S.C. §18116)

55. Plaintiff incorporates all preceding paragraphs.

56. Defendant receives federal financial assistance through participation in Medicare and Medicaid and is therefore subject to Section 1557 of the Affordable Care Act, which prohibits discrimination on the basis of sex in the provision of healthcare services.

57. Plaintiff presented with a serious medical condition involving chemical injury to the male genital region requiring evaluation and treatment.

58. Defendant, through its staff and agents, refused to adequately examine, treat, or physically handle to inspect the affected genital area, and failed to provide appropriate care that would ordinarily be provided for comparable chemical or burn injuries to other non-genital body parts.

59. Defendant's refusal to provide treatment was not based solely on medical judgment, but on unwillingness to treat injuries involving male genitalia.

60. Plaintiff was denied equal access to emergency medical care and treatment on the basis of sex, as similarly situated patients with injuries not involving male genitalia would receive proper evaluation, decontamination, cleaning, and treatment.

61. Defendant's conduct constitutes unlawful discrimination on the basis of sex in violation of Section 1557 of the Affordable Care Act.

Defendant's refusal to touch or inspect the affected area prevented any meaningful medical evaluation, interfered with the ability to stabilize Plaintiff's emergency medical condition. Based on observation and interaction with staff, that this was deliberate avoidance due to the injuries being located on male genitalia, demonstrating discriminatory intent and unequal treatment compared to patients with injuries not involving male genitalia.

62. This deliberate avoidance constitutes a deviation from standard emergency department protocol, a failure to provide appropriate care, and was a direct contributing factor to Plaintiff's pain and suffering, emotional distress, and functional impairment.

63. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered physical injury, prolonged pain, emotional distress, and other damages.

VI. DAMAGES

64. As a direct result of Defendant's conduct, Plaintiff suffered:

65. Out-of-pocket expenses including transportation and self-treatment costs;

66. Severe physical pain, chemical injury, Functional impairment, and ongoing skin irritation.

67. Emotional distress, anxiety, and loss of enjoyment of life.

68. Plaintiff has suffered due to defendant's conduct, including but not limited to: extended severe pain and suffering, prolonged tissue damage, compelled self-treatmemt, emotional distress, memory rumination, and loss of enjoyment of life.

Plaintiff seeks;

 compensatory damages in excess of $1,000,000, and further seeks punitive damages of $1,000,000.

Plaintiff also requests all costs, and any other relief the Court deems just and proper.

VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

7

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award compensatory damages, including but not limited to: for expenses and losses, emotional distress, and prolonged pain, suffering, and agony ;

C. Award punitive damages, to punish and deter Defendant's conduct;

D. Grant such other relief as the Court deems just and proper

Respectfully submitted on Date: 3-24-26 ,

David Franco ,Plaintiff, Pro Se  ,551 5th ave, brownsville pa 15417

8